UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAMON A. PERSON,

       Petitioner,

v.                                 Case No: 2:14-cv-130-FtM-38MRM

SECRETARY, DOC,

       Respondents.
_____/

## OPINION AND ORDER[1]

### I. Status

Petitioner Ramon Person (hereinafter "Petitioner," "Person," or "Defendant") initiated this action proceeding *pro se* by filing a timely 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. #1, "Petition") challenging his judgment and conviction of robbery with a firearm entered in the Twentieth Judicial Circuit Court in and for Lee County, Florida. The Petition raises five grounds for relief.

Respondent filed a Response (Doc. #18, Response) opposing all grounds and attached supporting exhibits (Doc. #20-1, Exhs. 1-20) consisting of the record on direct

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

appeal and postconviction pleadings. *Inter alia*, Respondent argues that Petitioner has not satisfied 28 U.S.C. § 2254(d) (1)-(2).[2]

For the reasons that follow, the Court concludes that Petitioner is not entitled to habeas relief and the Petition must be denied. Because the Petition can be resolved on the basis of the record, an evidentiary hearing is not warranted. Schriro v. Landrigan, 550 U.S. 465, 473-474 (2007) (finding if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## II.  Background and Pertinent Procedural History

An amended information charged Person with the following four counts: (1) conspiracy to commit murder; (2) tampering with a witness, victim or informant; (3) robbery while possessing a firearm; and (4) aggravated stalking. Exh. 1.

Person proceeded to a jury trial before the Honorable Edward J. Volz, Twentieth Judicial Circuit Judge. The jury found Person guilty on only the third count: robbery while possessing a firearm and not guilty on the remaining counts. Exh. 1a-1b, and Exh. 1c at 60-61. In accordance with the verdict, the judge sentenced Person to 17 years of imprisonment under Florida Statute § 775.087(2) (the 10-20-life statute), with a minimum mandatory 15 year sentence, with credit for time served of 803 days. Exh. 2 at 98-99; see also Exh. 2c at 160-161. The judge subsequently granted Person's motion to correct the scrivener's error, to which the state had conceded an amended sentence was required, because Person was not sentenced under Florida's 10-20-life statute, but was instead

---

[2] Respondent submits that Petitioner timely filed the Petition. See Response at 5-6, n. 2.

sentenced under the Habitual Violent Felony Offender Statute, Florida Statute § 775.084(1)(b), which provided the same minimum mandatory 15-year term. Accordingly, the judge ordered the Clerk to enter an amended verdict and sentence to reflect removal of the citation to the 10-20-life statute and cite instead to the Habitual Violent Felony Offender statute.  Id.

With the assistance of counsel, Person appealed, raising two grounds for relief. Exh. 3.  The state responded.  Exh. 4.  The appellate court affirmed Person's judgment and sentence without written opinion.  Exh. 5.

Person then pursued postconviction relief by filing a motion under Florida Rule of Criminal Procedure 3.850.  Exh. 8 (initial 3.850 motion); Exhs. 11, 12 (amended 3.850 motions).  The state filed a response.  Exh. 10.  The postconviction court entered an order denying Person relief on his Amended Rule 3.850 motion.  Exh. 13.  Person appealed.  Exhs. 15 -16.  The appellate court affirmed the postconviction court's order. Exh. 18.  Person then initiated the instant 28 U.S.C. § 2254 federal habeas corpus petition.

### III.   Applicable § 2254 Law

#### A.   Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, 563 U.S. 170, 181 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, 562 U.S. 86, 102 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)

(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision).  "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86.  First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision.  Id. (citations omitted).  Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005).  The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

**B.  Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'"  Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman

v. Thompson, 501 U.S. 722, 731 (1991)).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a

procedural default which will bar federal habeas relief. . . ."  Smith, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.  House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C.  Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### IV. Findings of Fact and Conclusions of Law

The Petition raises the following five grounds:

> Ground One:  Defendant rejected a ten (10) year plea offer based on the affirmative misadvise of counsel. Which constituted ineffective assistance of counsel.
>
> Ground Two:  Ineffective assistance of counsel in violation of the 6th and 14th Amendment to the United States Constitution by misadvising Defendant as to possible sentence faced if found guilty by the jury.
>
> Ground Three:  Ineffective assistance of counsel in violation of the 6th and 14th Amendment to the United States Constitution by failing to move to sever the robbery count from the other counts.
>
> Ground Four:  Trial court lacked subject matter jurisdiction to enter judgments and imposed sentences in violation of the Constitutions of Laws of the United States or the State of Florida.
>
> Ground Five: Trial court lacked subject matter jurisdiction to enter judgments imposed sentences in violation of the Constitution of Laws of the United States and State of Florida.

See generally Petition (errors in original).  The Court will address each ground for relief in turn.

**A.  Grounds One and Two**

The Court addresses Grounds One and Two together because they are related to the State's plea offer, which Petitioner did not accept and instead proceeded to a jury trial. In Ground One, Petitioner argues counsel provided ineffective assistance of counsel because he relied on the "misadvise" of counsel that he could beat the case and did not take the plea.  Petition at 5.  Specifically, Petitioner states that the prosecuting attorney offered a plea bargain of 10 years, which he rejected, and then counsel did not present a defense for the robbery with a firearm count.  Id.  In Ground Two Petitioner faults trial

counsel for not properly advising him of the sentence he would face if convicted by the jury. Id. at 7. Petitioner contends that counsel told him he would face a ten-year minimum mandatory sentence if convicted, not the fifteen-year minimum mandatory sentence that was imposed. Id.

In Response, Respondent agrees that Grounds One and Two are exhausted to the extent Petitioner raised the claims in his Rule 3.850 motion. Response at 12. Respondent argues that the postconviction court's opinion is entitled to deference and Petitioner has not shown how the decision was contrary to or an unreasonable application of federal law, or an unreasonable application of the facts in light of the evidence presented. Id. at 12-18.

Turning to Ground Two, Respondent argues that the postconviction court reasonably and properly denied Petitioner relief because the record refuted Petitioner's claim that he did not know the possible minimum mandatory sentence he faced was in fact an enhanced sentence under the habitual felony offender provisions. Id. at 19.

The Court finds Grounds One and Two are exhausted to the extent Petitioner raised the claims in his Rule 3.850 motion and appealed the adverse result. Exh. 8 (initial Rule 3.850 motion); Exhs. 11, 12 (Supplemental Rule 3.850's); Exh. 16 (appeal).

In denying Petitioner relief on Ground One, the postconviction court reviewed the law set forth in Strickland, and determined that the record conclusively refuted Petitioner's claim. Exh. 13 at 2-3. Specifically, the postconviction court found as follows:

> In the first allegation, Defendant alleged that he rejected a 10-year plea offer from the State based on counsel's advise that "they could beat the case" yet counsel offered no defense on the charge of robbery while possessing a firearm. However, Defendant's allegation is conclusively refuted by the record. Counsel did, in fact, present a defense to all four charges and

> two specific arguments concerning the robbery charge. Counsel argued that Defendant lacked the requisite intent required because the robbery was actually a falling out between the parties over drugs, and that the victim tried to make it appear as though a robbery had occurred. See pp. 117-118 and 229-235 of the trial transcript, attached hereto. The fact that counsel's trial strategy was unsuccessful as to the charge of robbery does not demonstrate that counsel's representation of Defendant was inadequate. State v. Hanania, 715 So. 2d 984, 986 (Fla. 2d DCA 1998); See also Sireci v. State, 469 So. 2d 119 (Fla. 1985).

Exh. 13 at 2-3. In denying Petitioner relief on Ground Two, the postconviction court also reviewed the law set forth in Strickland, and denied Petitioner relief finding as follows:

> In the second allegation, Defendant alleged that counsel was ineffective for failing to "properly communicate the states [sic] plea offer by misinforming him of the possible sentence he faced if found guilty." Defendant further alleged that he was not informed if convicted he could be sentenced to a sentence longer than 10 years and possibly life. However, Defendant only added this argument concerning the issue that robbery with a firearm was punishable by life, after the State pointed out the deficiencies in Defendant's allegation.
>
> Moreover, Defendant was on notice of the possible sentences he faced, because both the original Information and the Amended Information stated that robbery while possessing a firearm was PBL [punishable by life]. See copies of Information, attached hereto. Defendant also had notice that his sentences were subject to enhancement because the State was seeking to sentence Defendant as a HVFO [habitual violent felony offender]. See a copy of the HVFO Notice, attached hereto. Even though Defendant was not sentenced to life in prison, the Court finds Defendant's allegation, that he did not know that he could be sentenced to more than 10 years in prison, disingenuous based on the number and severity of the charges he was facing at trial and the fact that the State was seeking to enhance Defendant's sentence under the HVFO statute. In addition, case law provides that a defendant who is convicted after rejecting a plea offer would have no right to insist on being sentenced in accordance with the offer. McDonald v. State, 751 So. 2d 56, 58 (Fla. 2d DCA 1999).

Id. at 3-4. The appellate court *per curiam* affirmed the postconviction court's order. Exh. 18.

The Court finds that the State court's denial of postconviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the State court. The Eleventh Circuit has recognized that Strickland is applicable to the plea process. See Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Coulter v. Herring, 60 F.3d 1499, 1504, n. 7 (11th Cir. 1995) (noting that Hill applies when a defendant decided not to accept a plea offer and proceeds to trial).

With regard to Ground One, the postconviction court determined that Petitioner could not show his counsel rendered deficient performance because counsel discussed the plea with Petitioner and advised that he believed they could prevail at trial. With regard to Count Two, the postconviction court determined that the record evidenced that Petitioner was clearly aware that he could be sentenced to more than 10 years imprisonment if the jury returned a guilty verdict based on the information and habitual felony offender notice. Here, there is no doubt that Petitioner was aware that there was a plea offer, but opted to proceed to trial. See Diaz v. United States, 930 F.2d 832, 834-835 (11th Cir. 1991) (considering that defendant was aware of the plea offer, his after-the-fact- testimony concerning his desire to plea, without more, was insufficient to establish that but for counsel's alleged mis-advice or inaction, defendant would have accepted the plea offer). Defense counsel's performance and trial strategy in fact resulted in the jury finding Petitioner not guilty of all, save one count, of the four-count information. The postconviction court's decision finding counsel did not render deficient performance and

that Petitioner's claim was refuted by the record was reasonable in all respects and was not contrary to Strickland. Accordingly, Petitioner is denied relief on Grounds One and Two.

### B. Ground Three

Petitioner argues that his defense attorney rendered ineffective assistance of counsel by failing to move to sever the robbery count from the other counts at trial. Petition at 8. Petitioner states that the State's evidence presented in the conspiracy to commit murder and tampering charges "was used to dispel doubt as to his guilt in the robbery case." Id. Petitioner argues that the crimes were not related in time, nor geographical location, and points out that the only commonality was that the victim knew Petitioner.

In Response, Respondent points out that the underlying issue—whether the offense was subject to severance—was one of state law. Response at 20. Respondent submits that the state appellate court's silent affirmance after Petitioner raised this claim reveals counsel did not render deficient performance. Id. Additionally, Respondent notes that the postconviction court addressed this claim as raised in Petitioner's Rule 3.850 motion and also denied Petitioner relief. Id. at 21. Thus, Respondent argues that Petitioner cannot satisfy the dictates of § 2254(d) and (e).

The Court finds Ground Three is exhausted to the extent Petitioner with the assistance of counsel raised the claim on direct appeal as his second ground for relief. Exh. 3. The appellate court *per curiam* affirmed Petitioner's judgment and conviction. Exh. 6. Petitioner also raised the claim in his *pro se* Amended Rule 3.850 motion and appealed the adverse result. Exh. 8 (initial Rule 3.850 motion); Exhs. 11, 12

(Supplemental Rule 3.850's); Exh. 16 (appeal).   The postconviction court cited <u>Strickland</u> and denied Petitioner relief on Ground Three finding as follows:

> In the third allegation, Defendant alleged that counsel was ineffective for failing to move to sever the offenses which resulted in undue prejudice.  Defendant further alleged that "clearly" the evidence produced by the State on the conspiracy to commit murder and the tampering charges compelled the jury to find Defendant guilty of the charge of robbery.
>
> Under Florida Rule of Criminal Procedure 3.150(a) joinder of offenses based on the same act or transactions that are connected is proper.  Fla. R. Crim. P. 3.150(a).  <u>See also</u> <u>Williams v. State</u>, 40 So. 3d 89 (Fla. 4th DCA 2010); <u>Rodriquez v. State</u>, 909 So. 2d 1252 (Fla. 2005).  All of the charges in this case were part of a crime spree that occurred on or between March 28, 2005, and April 3, 2005, and involved the same victim John Swierczynski, a.k.a. Jonathan Swierczynski.  Therefore, even if counsel moved to sever the charges, it would have been highly unlikely that the motion would have been granted.  Accordingly, counsel could not have [been] ineffective for failing to file a frivolous motion.  <u>See</u> <u>Valle v. Moore</u>, 837 So. 2d 905 (Fla. 2002); <u>State v. Freeman</u>, 796 So. 2d 574 (Fla. 2d DCA 2001).  Moreover, Defendant's defenses to the robbery charge were in relation to the other charges as shown in the Court's analysis of issue one, which counsel would not have been able to raise if the charges were severed.

Exh. 13 at 4.

The Court finds that the State court's denial of postconviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" <u>Strickland</u>, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the State court.   The postconviction court reasonably determined that counsel's performance could not be deemed ineffective because even if counsel had moved to sever the charge, the trial court would have denied the motion under Florida law.   Indeed, state courts are the final arbitrators of state law, and the trial

court determined that defense counsel would not have been successful in moving to sever the charge. See Herring v. Sec'y Dep't of Corr., 397 F.3d 1338, 1354-55 (11th Cir.), cert. denied, 546 U.S. 928 (2005) (finding a petitioner could not show ineffective assistance of counsel concerning state law matter because the state court determined that such an argument would have been unsuccessful); see also Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (noting that trial counsel cannot be deemed ineffective for failing to raise a meritless issues). Accordingly, Petitioner is denied relief on Ground Three.

### C. Grounds Four and Five

Grounds Four and Five are related to the extent that Petitioner challenges the trial court's jurisdiction. Petition at 10, 12. In support of Ground Four, Petitioner contends, although not the model of clarity, that "the trial court operates under 'admiralty jurisdiction' which is 'commercial law' and deals with 'persons' and is 'contract' admiralty/maritime jurisdiction is can of the sea and circuit courts do[] not h ear cases that take[] place upon the land of the country. For there are no judicial courts in America, and jurisdictions for such claims or crimes on the land lies within a common law court." Id. at 10. Under Ground Five, Petitioner cites the Magna Carta and makes reference to the idea that the trial courts exclude "sovereigns." Id. at 12.

In Response, Respondent asserts that Grounds Four and Five raise issues concerning only state law for which federal habeas corpus relief does not lie. Response at 23 (citations omitted). Additionally, Respondent argues that the grounds are unexhausted and now procedurally defaulted because Petitioner did not fairly apprise the State court of the constitutional dimension of his claims. Id. at 24-25.

The Court notes that Petitioner raised claims concerning the trial court's alleged lack of jurisdiction in his Amended Rule 3.850 motions. The postconviction court denied Petitioner relief on the claim, finding as follows:

> Defendant's fourth and fifth allegations are similar, in that, Defendant alleged the trial court lacked subject matter jurisdiction to enter judgment against Defendant and to sentence him because the trial court operates under admiralty/maritime jurisdiction. However, both allegations are without merit. Subject matter jurisdiction normally concerns the power of the court to deal with a class of cases. Luger v. State, 983 So. 2d 49 (Fla. 4th DCA 2008). In the State of Florida, circuit courts have exclusive original jurisdiction over all felonies. A review of the charges against Defendant shows that all charges are felonies. Therefore, the trial court did, in fact, have subject matter jurisdiction to enter the judgment against Defendant and to sentence him on the charges.

Exh. 13 at 4-5. Thus, it appears Petitioner did exhaust the instant claim before the State court.

The Court agrees with Respondent that generally claims concerning the trial courts jurisdiction concern matters of state law and do not raise a claim of federal Constitutional dimension for which federal habeas corpus relief lies. See Drawdy v. Sec'y Dep't of Corr., Case No. 8:09-cv-1993-T-30AEP, 2009 WL 3644626 *2 (M.D. Fla. Nov. 2, 2009) (citations omitted) (finding a petitioner's challenge to the subject matter jurisdiction of the state court based on a defective charging document concerned only a state law question for which federal habeas corpus relief does not lie)).

Notably, Petitioner's claims sound familiar to those asserted by followers of the sovereign citizen movement. As background, sovereign citizens "believe that they are not subject to government authority and employ various tactics in attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." Dirden v.

Jones, Case No. 3:15-cv-412/RV/EMT, 2016 WL 7007547 * 4 (N.D. Fla. Oct. 21, 2016) (citing Gravatt v. United States, 100 Fed. CL. 279, 282 (2011) (citations omitted); United States v. Brown, 669 F.3d 10, 19 n. 12 (1st Cir. 2012) (noting that sovereign citizens "believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as legitimate, and place special significance in commercial law.").

In the abundance of caution, to the extent Petitioner's claims may be interpreted as a claim cognizable in federal habeas, the court construes them as raising federal due process violations based on the Florida circuit court's alleged lack of jurisdiction over Petitioner. See Dirden, 2016 WL 7007547 *4 (citing other district court cases that construed such sovereign citizen claims raised in federal habeas corpus petitions as federal due process claims). Petitioner's federal due process rights remain intact because he was charged with felonies for which the circuit court properly exercised jurisdiction. See Exh. 13 at 4-5. Moreover, as noted by several other federal courts, sovereign citizen arguments concerning the court's lack of jurisdiction should be summarily rejected whenever presented. Dirden, *4-*5. Consequently, Petitioner is denied relief on Grounds Four and Five.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of March, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record